THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>                Plaintiff,<br><br>v.<br><br>STEPHEN R. HADFIELD et al.,<br><br>                Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 1:21-CV-95 RJS<br><br>Chief District Judge Robert J. Shelby |

**MOTION FOR RECUSAL**

As an initial matter, Plaintiff moves this judge to recuse himself. (ECF No. 35.) The motion is apparently based on Plaintiff's general perception and unsupported allegations, of the Court's inaction in this case and influence on other judges in his other cases, that Plaintiff believes prejudiced him. (*Id.*)

Judicial recusal is necessary when (1) the judge has "a personal bias or prejudice" toward a party, 28 U.S.C.S. § 144 (2022); *see also id.* § 455(b)(1) (same); or (2) an appearance of bias would arise if the judge remained assigned to the case, *see* § 455(a). Disqualification for appearance of bias must occur when "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). The litigant requesting recusal must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 993 (internal quotation marks omitted). As this is an objective standard, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.*

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and when, like Plaintiff, the movant fails to assert an extrajudicial cause of bias, unfavorable rulings seldom "evidence the degree of favoritism or antagonism required" to disqualify a judge. *Liteky v.United States*, 510 U.S. 540, 555 (1994); *see also Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (internal quotation marks omitted)). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the . . . proceedings" do not provide a ground for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Still, even as federal judges may have an obligation to recuse themselves when their impartiality could reasonably be questioned, they also have an obligation not to recuse themselves when circumstances do not require it. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312-13 (2d Cir. 1988); *see also Hutchinson v. Hahn*, No. 09-5144, 2010 U.S. App. LEXIS 24194, at *12 (10th Cir. 2010) (unpublished).

Based on the facts and law presented, this motion is entirely without merit. Plaintiff has offered no facts reasonably calling into question this judge's ability to impartially hear this case. In fact, Plaintiff's motion amounts to no more than terse, unsupported allegations that this judge's perceived inaction and influence on other judges has prejudiced Plaintiff, and therefore this judge must be biased. This is not sufficient to trigger recusal; thus, the motion is denied.

**SCREENING OF SECOND AMENDED COMPLAINT**

After Plaintiff filed this *pro se* civil-rights suit, 42 U.S.C.S. § 1983 (2022), *in forma pauperis*, *see* 28 *id.* § 1915, Plaintiff was given two chances to amend his incomplete or deficient

2

complaints. (ECF Nos. 13, 25.) In an Order providing him one of those chances, Plaintiff was given comprehensive and specific guidance on the Complaint's deficiencies and how his allegations fell short. (ECF Nos. 5, 25.)

The most recent Order stated: "Plaintiff must . . . cure the amended complaint's deficiencies . . . by filing a document entitled, '[Second] Amended Complaint,' that does not refer to or include any other document"; and "[i]f Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." (ECF No. 25, at 6-7.)

The Second Amended Complaint, (ECF No. 27), has now been screened under the Court's statutory review authority, 28 U.S.C.S. § 1915A (2022).[1] Dismissal is appropriate, for failure to state a claim upon which relief may be granted.

Plaintiff names the following defendants, in their official capacities only: David **Angerhofer**, Utah Department of Corrections (UDOC) contract attorney; Alexis **Brown**, Utah First District Court judicial assistant (UFDCJA); James **Campos**, Utah Adult Probation and Parole agent/supervisor; Leann **Cole**, UFDCJA; Jeff **Hadfield**, Box Elder County (BEC) commission chairperson; Stephen **Hadfield**, BEC county attorney; Kathi **Johnston**, UFDCJA; Brandon **Maynard**, Utah state judge; Rebekkah **Shaw**, records officer; and, Tremonton chief of police. (ECF No. 27, at 1-4.) Plaintiff makes many allegations, none of which state a valid

---

[1] The screening does not consider any of the many documents Plaintiff filed after the Second Amended Complaint, (ECF No. 27). This is in keeping with the Court's earlier warning to Plaintiff: "The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. . . . The amended complaint may also not be added to after it is filed without moving for amendment." (ECF No. 25, at 3-4 (omitting citation and footnote).)

federal constitutional claim. Several bases exist upon which Plaintiff's claims against Defendants must be denied.

## I. ANALYSIS

### A. Standard for Sufficiency of a Complaint

When deciding if a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

*Pro se* pleadings are construed liberally, "applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."

*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). If pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### B. No Affirmative Link Between Defendants and Purported Claims

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights

alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

### 1. Defendants

Under these guidelines, it is clear that Plaintiff has done nothing to affirmatively link any defendant to valid civil-rights causes of action based on the Federal Constitution. In fact, he lists his causes of action in an entirely different section of his Second Amended Complaint from his list of defendants and their activities, with no attempt to tie to any particular defendant any material fact that lines up with an element of these alleged causes of action: "Due process and equal protection of the law"; "obstruction of justice"; "obstruction of process"; and "intrinsic fraud." Claims against Defendants may not survive without these links.[2] Defendants are therefore dismissed, as follows:

**a. Claims against all defendants**. Conclusory allegations generally made against all defendants without factual specificity must be dismissed. These allegations lack necessary specificity to properly state a claim.

**b. Defendant Angerhofer**. As to Angerhofer, Plaintiff's allegations are limited to two statements: (1) Plaintiff and Angerhofer had communications regarding legal research and a letter. (ECF No. 27, at 16-17.) (2) "Angerhofer falsified information/committed perjury." (*Id.*) These vague, conclusory allegations fail to state a valid civil-rights claim, based on the Federal Constitution.

---

[2] Plaintiff was warned of this in the Court's earlier Order: The "Complaint . . . does not set forth affirmative links between Defendants and constitutionally invalid activities." (ECF No. 25, at 2.) The Order went on to give detailed information on how to--in an amended complaint--affirmatively link defendants. (*Id.* at 2-8.)

**c. Defendants Brown, Cole, and Johnston**. Allegations against these defendants are limited to two statements: (1) "On August 12, 2021, Plaintiff send defendants . . . a GRAMA records request form, requesting the disclosure of probable cause statement/warrant, issued to justify government officials to have access to Plaintiff's email address and phone device." (*Id.* at 18.) (2) "Brown, Johnston and Cole are intentionally and willfully delaying the Court process to complaints filed against government officials involved with criminal activity." (*Id*. at 22.) These vague, conclusory allegations fail to state a valid civil-rights claim, based on the Federal Constitution.[3]

**d. Defendant Campos**. Allegations against Campos are limited to the following: Campos filed an affidavit asserting "Plaintiff is a government entity, and that [Defendant] was in charge of (Plaintiff) government entity." (*Id.* at 13.) These vague, conclusory allegations do not even state an activity adversarial to Plaintiff, let alone a valid civil-rights claim based on the Federal Constitution.

**e. Defendant Jeff Hadfield**. "On November 30, 2020, Plaintiff filed a notice of appeal with defendant Jeff Hadfield." (*Id.* at 18.) "On December 17, 2020, Plaintiff filed a second notice of appeal, with defendant Jeff Hadfield." (*Id.* at 19.) "Plaintiff received a response from defendant Jeff Hadfield, refusing the appeal." (*Id*.) "On November 24, 2021, Plaintiff sent

---

[3] Further, the possible claim that Defendants mishandled Plaintiff's requests for records disclosures appears to be based on Utah statute. *See* Government Records Access and Management Act (GRAMA), Utah Code Ann. §§ 63G-2-201 to -208 (2022). This does not provide a basis for a federal cause of action.

Also, without the needed factual detail that Plaintiff has omitted here, it is impossible to determine whether these defendants are also entitled to "absolute quasi-judicial immunity," should their actions qualify as "judicial act[s] . . . having an integral relationship with the judicial process." *Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004) (unpublished).

defendant Jeff Hadfield a GRAMA form, requesting the disclosure of phone records and Tremonton City Police officer incident report 17-T04769." (*Id.*)

None of these statements even allege an action adversarial to Plaintiff, except for the denial of an appeal, which is referred to in a neutral tone. Still, Plaintiff does not suggest how that denial violated his civil rights.

**f. Defendant Stephen Hadfield.** Regarding Stephen Hadfield, Plaintiff's allegations are limited to one statement: that Stephen Hadfield "intentionally and willfully refus[ed] to disclose" emails and phone records that "justif[ied] criminal offense." (*Id.* at 17.) This bare-bones statement does not suggest what the civil-rights violation here might be.

If the implication is that prosecutor Hadfield refused to disclose the evidence he used to argue for Plaintiff's conviction, that might be more in the way of a habeas-corpus claim under *Brady v. Maryland*, 373 U.S. 83 (1963) (holding prosecution's suppression of evidence favorable to accused violates due process when evidence is material to guilt or punishment). It would not be applicable in a civil-rights case.

On the other hand, if the implication of denied records is based on GRAMA, *see* Government Records Access and Management Act (GRAMA), Utah Code Ann. §§ 63G-2-201 to -208 (2022), this does not provide a basis for a federal cause of action.

Finally, a prosecutor acting within the scope of their duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). The prosecutor's acts, as alleged by Plaintiff, possibly relate to advocacy before the court, making this another potential basis upon which to dismiss Defendant Stephen Hadfield.

**g. Brandon Maynard**. There are no specific allegations leveled against Maynard. He is therefore dismissed.[4]

**h. Rebekkah Shaw**. "On January 4, 2021, Plaintiff sent defendant Rebekkah Shaw a notice of appeal." (ECF No. 27, at 19.) "On January 28, 2021, Plaintiff sent defendant Shaw the request for government records, addressed to Stephen R. Hadfield, dated January 21, 2021, and a letter informing her that defendants Brown, Johnston, and Cole were refusing to send Plaintiff a response to the denial of records." (*Id.*) These vague, conclusory allegations do not even state an activity adversarial to Plaintiff, let alone state a valid civil-rights claim, based on the Federal Constitution.

**i. Tremonton police chief**. Plaintiff sent the police chief GRAMA forms. (*Id.* at 20-21.) This vague, conclusory allegation does not even state an activity adversarial to Plaintiff, let alone state a valid civil-rights claim, based on the Federal Constitution.

---

[4] Further, it is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). The judge here very well may have been acting in a judicial capacity in presiding over Plaintiff's case(s); if so, such actions are entitled to absolute immunity. *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished).

### 2. Allegations/Claims Not Linked to Named Defendants[5]

Many allegations do not link specific unconstitutional behavior to specific named defendants and therefore may not survive. These include the list below.

 **a.** The following statement:

> Defendants are in collusion with each other to deny Plaintiff the disclosure of records, inculpatory evidence against [BEC employees and Tremonton City Police officers] involved with criminal activity, i.e., illegally hacking, cloning and or tampering with Plaintiff's email addresses, phone device. For the purpose of tracking Plaintiff's whereabouts at all times; electronic harassment; gang stalking, which resulted to multiple attempts, threats, made to his life while driving and or traveling out of the State of Utah. It progressed to inducing the Utah Department (UDOC) and Utah Board of Pardons and Parole (UBPP) to act in collusion with them. For the purpose of USING plaintiff as a tool, i.e. to entrap individuals/inmates, into illegal activity, and or violating the rules of the UDOC.[6]

---

[5] Plaintiff was warned of this in the Court's earlier Order: "Complaint . . . contains several allegations of unconstitutional conditions of confinement (e.g., fabricated disciplinary infractions; months-long insolation; shower, clothing, and mail denial; excessive force; failure to protect; retaliation; classification and housing issue[s]) without enough detail and without linking them to defendants." (ECF No. 25, at 2.)

[6] Another basis upon which to dismiss this claim against all Defendants is Plaintiff's failure to adequately allege collusion, or conspiracy. "A conspiracy requires the combination of two or more persons acting in concert." *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir.2004) (internal quotation marks, alterations, and citations omitted). "[T]o plead a conspiracy claim, a plaintiff must allege, either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *Id.* (internal quotation marks, alterations, and citations omitted); *see also Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.1994) (stating valid conspiracy claim requires specific factual allegations "showing agreement and concerted action"). Allegations of parallel conduct, together with conclusory allegations of an agreement, do not state an arguable conspiracy claim. *See Shimomura v. Carlson*, 17 F.Supp.2d 1120, 1130 (D. Colo. 2014). Plaintiff's allegations of a conspiracy between Defendants and other governmental entities are conclusory and, therefore, fail to state an arguable claim for relief under § 1983. Plaintiff only speculates that Defendants conspired to deny him records and inculpatory evidence against other governmental actors, and track his location.

 Further, the claim that Defendants denied Plaintiff's requests for records disclosures appears to be based on Utah statute. *See* Government Records Access and Management Act (GRAMA), Utah Code Ann. §§ 63G-2-201 to -208 (2022). This does not provide a basis for a federal cause of action.

 Also, any alleged criminal behavior by Defendants may not be redressed using federal civil-rights laws. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

 Finally, alternatively, § 1915 grants this Court the power to "'pierce the veil of the complaint's factual allegations.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Although Plaintiff's allegations must be viewed in his favor, "a court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and

(ECF No. 27, at 4-5.)

  **b.** "Plaintiff is not suicidal but believes government officials were organizing/orchestrating a suicide plot against him." (*Id.* at 10.) This also fits the definition of factual frivolousness discussed in footnote six.

  **c.** "Plaintiff was almost thrown off the road multiple times while driving or traveling out of state. Federal Offense." (*Id.* at 11.) This also fits the definition of factual frivolousness discussed in footnote six.

  **d.** "Plaintiff was getting text messages that he had killed a friend; threats of poisoning his water and food; and that someone would kill him if he didn't cooperate with them." (*Id.*) This also fits the definition of factual frivolousness discussed in footnote six.

  **e.** "Plaintiff was threatened that they would send his family and friends pictures and videos of him having homosexual relationships; and tax invasion [sic]." (*Id.*) This also fits the definition of factual frivolousness discussed in footnote six.

  **f.** "Plaintiff was not sentenced to prison because he was guilty of any charges, but because government officials have found a way to get information from plaintiff without his knowledge." (*Id.* at 14.) This also fits the definition of factual frivolousness discussed in footnote six.

---

'delusional.'" *Id.* at 32-33 (citations omitted). Accordingly, a determination of factual frivolousness is proper "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

  Plaintiff's assertions here arguably fit these definitions of factual frivolousness. These completely unsupported assertions--that all these defendants, between UDOC, BEC, Utah First District Court, Utah Adult Probation and Parole, and City of Tremonton, would somehow have the motive and wherewithal to conspire together to deny Plaintiff records and tamper with his phone and email to further a scheme of using plaintiff as a tool, to entrap unknown other individuals/inmates into illegal activity and violating UDOC rules--are patently unbelievable and irrational. These claims must therefore, alternatively, be dismissed as factually frivolous. *See* 28 U.S.C.S. § 1915(e)(2)(B)(i) (2022).

**g.** Under the heading, "Legal claims," Plaintiff stated, "Due process and equal protection of the law"; "obstruction of justice"; "obstruction of process"; and "intrinsic fraud." (*Id.* at 24-25.) Regarding the latter, Plaintiff alleges that a police officer and the victim in his criminal case testified under oath that Plaintiff had violated a protective order and that an attorney had misled the court "into believing he had phone records to justify the charge." (*Id.* at 25.)

Each of these allegations--(a) through (g)--lacks an affirmative link to a named defendant, and thus these possible claims are dismissed.

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff's motion for this judge to recuse himself is **DENIED**. (ECF No. 35.)

**(2)** Plaintiff's Second Amended Complaint, (ECF No. 27), is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2022), for failure to state a claim upon which relief may be granted. Three iterations of the complaint, (ECF Nos. 5, 27, 40), and comprehensive guidance on curing deficiencies, (ECF No. 25), have not resulted in any improvement in the pleading. Neither liberal interpretation of Plaintiff's claims nor further opportunity to amend will lead to a different result.

This action is **CLOSED**.

DATED this 22nd day of July, 2022.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court