THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>                              Plaintiff,<br><br>v.<br><br>STEPHEN R. HADFIELD et al.,<br><br>                            Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>Case No. 1:21-CV-95 RJS<br><br>Chief District Judge Robert J. Shelby |

**BACKGROUND**

Plaintiff began this case as a prisoner proceeding *in forma pauperis*. (ECF No. 4.) He filed a civil-rights complaint, then amended the complaint. (ECF Nos. 5, 40.) The Court screened the amended complaint, gave comprehensive guidance on how to cure its many deficiencies, and ordered Plaintiff to file a second amended complaint. (ECF Nos. 25, 40.) The Order specified, "If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." (ECF No. 25.)

After Plaintiff filed the Second Amended Complaint, on July 22, 2022, the Court dismissed it *sua sponte* for failure to state a claim upon which relief may be granted. (ECF Nos. 27, 41.) In its dismissal order, the Court concluded that Plaintiff had "done nothing to affirmatively link any defendant to valid civil-rights causes of action based on the Federal Constitution." (ECF No. 41.) More specifically, the Court noted that state statutes do not provide a cause of action in a federal civil-rights case; many allegations did not assert adversarial behavior, let alone a cause of action; immunity may bar some claims; conspiracy allegations

were conclusory; alleged criminal behavior by Defendants may not be redressed through a civil-rights complaint; and several allegations were factually frivolous. (*Id.*)

The dismissal order mailed to Plaintiff was returned to sender on August 5, 2022, marked, "REFUSED UNABLE TO FORWARD." (ECF No. 43.) On November 7, 2022, Plaintiff filed "Motion for Supplemental Pleadings," which the Court denied on November 10, 2022, stating that supplemental pleadings were not warranted in a dismissed case. (ECF Nos. 44, 46.) Eleven days, later, Plaintiff filed the motion at issue here, requesting relief from judgment. (ECF No. 47.) On December 13, 2022, in response to Plaintiff's letter from the day before about not receiving the dismissal order, the Court resent the dismissal order and judgment to Plaintiff. (ECF No. 48.) On December 27, 2022, Plaintiff filed "Plaintiff's Response to Court's Memorandum Decision & Dismissal Order dated July 28, 2022," in which Plaintiff asserted that the Court did not send Plaintiff its dismissal order and therefore the judge must be biased, "lying," and colluding with Defendants, and should recuse. (ECF No. 49.)

The Court now denies Plaintiff's pending post-judgment requests. (ECF Nos. 47, 49.)

### RULE 60(b) MOTION

Plaintiff styled this pleading, "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(1), (6), (c)." (ECF No. 47.) Federal Rules of Civil Procedure 60(b)(1) and (6) state in relevant part, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . mistake, inadvertence, surprise, or excusable neglect . . . or . . . any other reason that justifies relief." Federal Rule of Civil Procedure 60(c), states that such a motion "must be made within a reasonable time--and for reason[] (1), . . . no more than a year after the entry of the judgment."

2

Under subsections (1) and (6), Plaintiff's sole arguments why Plaintiff should be relieved from judgment are as follows: "Plaintiff did not receive any order of dismissal to this civil case," and "[o]n July 28, 2022, Plaintiff filed a letter to the United States District Court, regarding fabricating orders being sent." (ECF No. 47 (citing Case No. 1:21-CV-89-TC (Exh. A).)

First, as noted above, it is true that the dismissal order mailed to Plaintiff was initially returned to sender, marked "REFUSED." (ECF Nos. 41-43.) It appears that Plaintiff did not receive the dismissal order until after it was resent on December 13, 2022. (ECF No. 48.) But, this argument goes to the *timing* of the post-judgment motion, not to the merits or validity of the dismissal order. So, yes, it makes sense that the post-judgment motion and dismissal-order response were not filed until between four to five months after the dismissal order's date; in other words, under Rule 60(c), these filings of Plaintiff's were "made within a reasonable time," less than a year from the dismissal order's filing. Nowhere, however, does Plaintiff hint what "mistake, inadvertence, surprise, or excusable neglect" could possibly render the dismissal order itself invalid or in need of recall. Plaintiff does not assail the Court's dismissal analysis.

Second, the alleged filing of a letter in a separate case--which the Court was unable to find on that other case's docket--would not be a reason to vacate the dismissal order in this action. (ECF No. 47 (citing Case No. 1:21-CV-89-TC (Exh. A).) Not to mention, Plaintiff describes that letter as inexplicably referring to orders of this Court as being "fabricat[ed]." (*Id.*) Plaintiff has not provided any support for this frivolous and nonsensical assertion, which the Court disregards.

The Court thus denies Plaintiff's Rule 60(b) motion. (ECF No. 47.)

**PLAINTIFF'S RESPONSE TO DISMISSAL ORDER**

Here, Plaintiff contends this judge (a) is prejudiced because "the court did not issue Plaintiff a copy of the Memorandum Decision & Dismissal on July 28, 2022"; (b) "LYING . . . and "in collusion with . . . Defendants"; (c) "claims plaintiff didn't state a claim, which is FALSE!"; (d) "denied to acknowledge" that "[o]n November 27, 2022, Plaintiff filed a Third Amended Complaint"; (e) "falsif[ied] the issuance of the Memorandum Decision & Dismissal Order on July 28, 2022"; and (e) should recuse. (ECF No. 49.)

These unsubstantiated aspersions are flatly rejected. The docket shows the actual, unfalsified dismissal order issued by this judge on July 28, 2022, providing analysis underlying the Court's conclusions that Plaintiff failed to state a claim upon which relief may be granted-- conclusions that Plaintiff has not substantively attacked. (ECF No. 41.) This judge has not lied and colluded with Defendants. The docket does not show a third amended complaint, but, even if Plaintiff had filed another complaint as alleged, this action had been dismissed by then, so another complaint would have been mooted by that dismissal. (*Id.*) And, finally, based on the same reasons and analysis found in its Order denying Plaintiff's earlier motion for this judge's recusal, this judge again denies Plaintiff's request for this judge to recuse himself. (ECF Nos. 41, 49.)

**ORDER**

Having comprehensively reviewed Plaintiff's arguments, the Court refuses all asserted bases for post-judgment relief.

**IT IS THEREFORE ORDERED** that:

**(1)** Plaintiff's motion for post-judgment relief is **DENIED**. (ECF No. 47.) This action remains closed.

**(2)** Plaintiff's objections to the dismissal order and second request for this judge's recusal are **DENIED**. (ECF No. 49.)

DATED this 7th day of August, 2023.

BY THE COURT:

_____
CHIEF DISTRICT JUDGE ROBERT J. SHELBY
United States District Court